IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACHARY BAILEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>MACARONI JOES, LTD and PANHANDLE RESTAURANT GROUP, LTD,<br><br>    Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:18-cv-67 |

## SUMMARY

1. Defendants rely on the "tip credit" exception to the Fair Labor Standards Act, 19 U.S.C. § 203(m) to avoid paying Zachary Bailey and other similarly situated employees the federally mandated minimum wage.

2. However, because Defendants distribute pooled tips to employees who do not customarily and regularly receive them, specifically the "wine manager," their tip pooling practice is invalid and Defendants are prohibited from crediting tips toward payment of the minimum wage.

## Jurisdiction & Venue

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

4. This Court is a proper venue for this action because a substantial part of the relevant conduct occurred here. Further, Defendants are residents of this district.

## PARTIES

5. Plaintiff Zachary Bailey is a resident of Amarillo, Texas and was employed as a server for Defendants from August 2016 through December 2017. His written consent to this action is attached as Exhibit "A."

6. Opt-in plaintiff Allen Zoldi is a resident of Amarillo, Texas and was employed as a server for Defendants from October 2016 through September 2017. His written consent to this action is attached as Exhibit "B."

7. The class of similarly situated employees ("the Class") consists of all persons employed by Defendants in the last three years at Macaroni Joe's and whose hourly rate during any workweek was less than the applicable minimum wage.

8. Defendant Macaroni Joes is a Texas limited partnership with its principal place of business in Amarillo, Texas. It may be served with process through its registered agent, Kevin Hawkins, 2408 Commerce Street, Amarillo, Texas 79109.

9. Defendant Panhandle Restaurant Group is a Texas limited partnership with its principal place of business in Amarillo, Texas. It may be served with process through its registered agent, Kevin Hawkins, 2408 Commerce Street, Amarillo, Texas 79109.

## COVERAGE

10. Defendants' gross volume of sales exceeds $500,000 per year, exclusive of excise taxes.

11. During the relevant time period, Defendants were each an employer engaged in commerce within the meaning of the FLSA.

## FACTS

12. Defendants employed Plaintiff Bailey as a server at Macaroni Joes.

13. Defendants certain employees less than the federal minimum wage, taking advantage of a tip credit, which allows Defendants to include in its calculation of wages a portion of the amounts employees receive in tips.

14. Defendants required Bailey and the Class to contribute a portion of their total gross sales during each shift to a tip pool controlled by Defendants.

15. Defendants took a 5% tip out on all wine sold.

16. Defendants then distribute the entire tip pool to the "wine managers."

17. The wine manager is not a customarily or regularly tipped employee and/or is a supervisor, managers, and/or employer as that term is defined under the FLSA, applicable regulations and case law.

18. The wine manager is the acting restaurant manager when the general manager is out, which generally occurs at least once per week.

19. The wine managers sets schedules, supervises employees, including disciplining employees, and other controls the operations of the restaurant in the general manager's absence.

### COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff Bailey brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 215(b).

21. Plaintiff, on behalf of himself the Class, seeks relief on a collective basis challenging Defendants' illegal tip pooling policy and practice.

22. The total number and identities of the Class may be determined from the records of Defendants and the Class may easily and quickly be notified of the pendency of this action.

23. Plaintiff Bailey is similar to the Class because he and the Class have been required to participate in an illegal tip pooling scheme and have been unlawfully denied payment of the Federal minimum wage.

24. Plaintiff Bailey's experience is typical of the experiences of the Class.

25. Defendants' failure to pay minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff Bailey or the Class.

26. Plaintiff Bailey's experience is typical of that experienced by the Class.

27. Specific job titles or job duties of the Class do not prevent collective treatment.

28. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked.

29. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

## CAUSES OF ACTION

30. Plaintiff re-alleges and incorporates by reference the facts set forth above.

31. Defendants' policy and practice of requiring its tipped employees to pay a percentage of their tips to non-tipped employees, including employees who do not customarily and regularly receive tips, violates the FLSA. 29 U.S.C. § 203(m).

32. Defendants' policy and practice by which they fail to inform their tipped employees of the provisions of 19 U.S.C. § 203(m) violates the FLSA.

33. Defendants knew or should have known that its policies and practices relating to tip pooling violate the FLSA.

34. Defendants have not made a good faith effort to comply with the FLSA.

35. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continue to carry out its illegal tip-pooling practices.

36. Plaintiff Bailey and the Class are entitled to the difference between their hourly rate and the applicable minimum wage for all hours worked, in addition to the amount they were required to tip-out to Defendants' employees who are not customarily tipped. *Id.*

37. In addition, Plaintiff Bailey and the Class are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

38. Plaintiff demands a trial by jury of this action.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding Plaintiff and the Class:

A. the difference between their hourly rate and the applicable minimum wage for all hours worked;

B. the amount they were required to tip-out to Defendants' employees who are not customarily tipped;

C. an equal amount as liquidated damages as allowed under the FLSA;

E. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

F. pre-judgment and post judgment interest at the highest rates allowed by law; and

G.  such other relief as to which Plaintiff and the Class Members may be entitled.

DATED:  April 9, 2018.

          Respectfully submitted,

          By: */s/ Jeremi K. Young*
          Jeremi K. Young
          State Bar No. 24013793
          Collin Wynne
          State Bar No. 24068815
          YOUNG & NEWSOM, PC
          1001 S. Harrison, Suite 200
          Amarillo, Texas  79101
          (806) 331-1800
          (806) 398-9095 (fax)
          jyoung@youngfirm.com
          collin@youngfirm.com

          *Attorneys for Plaintiff and Class Members*